******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.* ANTHONY CARTER
(AC 39271)

Alvord, Prescott and Kahn, Js.

Argued June 1—officially released July 18, 2017

(Appeal from Superior Court, judicial district of
Hartford, Dewey, J. [motion to correct illegal
sentence].)

*Procedural History*

Substitute information charging the defendant with
the crimes of assault in the first degree, risk of injury
to a child and criminal possession of a firearm, brought
to the Superior Court in the judicial district of Hartford
and tried to the jury before *Mulcahy, J.*; verdict of
guilty; thereafter, the court, *Mulcahy, J.*, denied the
defendant's motions for a judgment of acquittal and for
a new trial, and rendered judgment in accordance with
the verdict, from which the defendant appealed to this
court, which affirmed the judgment of the trial court;
subsequently, the court, *Dewey, J.*, dismissed the defen-
dant's motion to correct an illegal sentence, and the
defendant appealed to this court. *Improper form of
judgment*; *judgment directed*.

*Anthony Carter*, self-represented, the appellant
(defendant).

*Timothy F. Costello*, assistant state's attorney, with
whom, on the brief, were *Gail P. Hardy*, state's attor-
ney, and *Richard J. Rubino*, senior assistant state's
attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Anthony Carter, appeals from the judgment of the trial court dismissing in its entirety his motion to correct an illegal sentence. Having thoroughly reviewed the defendant's claims on appeal, we conclude that they are wholly without merit. We agree with the state, however, that the trial court should have denied rather than dismissed the defendant's claim that the sentencing court, under the circumstances of this case, was not authorized by statute to impose consecutive sentences with respect to the defendant's convictions. The court properly dismissed the remainder of the defendant's claims.

The form of the judgment is, in part, improper, and the case is remanded with direction to render judgment denying that portion of the defendant's motion to correct an illegal sentence that claims that the court lacked statutory authority to impose consecutive sentences and dismissing the remainder of the motion.

––––––––––––––––––––––––